IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESLEY MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>GATEWAY FOUNDATION, INC.,<br><br>    Defendant. | Case No.<br><br>**Jury Trial Demanded** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LESLEY MITCHELL ("Plaintiff" or "Mitchell"), for his Complaint against Defendant GATEWAY FOUNDATION, INC. ("Defendant" or "Gateway"), states as follows:

## INTRODUCTION

1.  Plaintiff Mitchell brings this action against his former employer Gateway for denying him FMLA leave and terminating his employment, all in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

## PARTIES

2.  Plaintiff Lesley Mitchell resides in Illinois and is Defendant's former Counselor II employee.

3.  Defendant Gateway is an Illinois corporation doing business in the state of Illinois and within this judicial district. Gateway provides drug and alcohol rehabilitation treatment nationwide and in Illinois. Gateway's headquarters and principal place of business is located at 55 E. Jackson Blvd., Suite 1500, Chicago, IL 60604. Gateway's officers direct, control, and coordinate its activities at its Chicago headquarters. Gateway employs human resources personnel who work out of the Chicago office and who make decisions on behalf of Gateway related to employee discipline, termination, and FMLA leave, among other personnel issues.

4. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

5. This court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1331.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial number of the events giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

7. Defendant Gateway provides drug and alcohol rehabilitation treatment in Illinois, including operating residential treatment centers throughout the state.

8. Defendant Gateway hired Mitchell in or around December 2019 as a Counselor II.

9. Throughout his employment, Mitchell performed the duties and responsibilities of his position in a satisfactory manner and met and often exceeded all legitimate expectations.

10. In 2022, Mitchell began experiencing serious asthma, allergy, and other pulmonary and gastrointestinal medical conditions.

11. Mitchell informed Gateway of his need for time off from work because of his medical conditions and requested FMLA leave and provided medical certification for his FMLA leave.

12. The certification stated that Mitchell would need intermittent time off for episodic flare-ups related to his serious health condition.

13. Gateway approved Mitchell's request for intermittent FMLA leave in 2022.

14. Starting in approximately 2023, Prudential Insurance Company of America ("Prudential") began administering FMLA leave for Gateway employees.

15. Mitchell followed Gateway's notification procedure when he required FMLA leave

by contacting his supervisor, calling his department to inform Gateway of his absence, and contacting Prudential to report his use of FMLA leave.

16. In 2023, Gateway issued Mitchell a disciplinary write-up for absences that were properly FMLA-approved. Mitchell complained to Gateway management that these absences were FMLA-approved, and he followed all procedures in notifying Gateway of his time off

17. In 2023, Gateway issued Mitchell a Performance Review that criticized Mitchell for his use of FMLA leave. The review stated that "[it] has been a challenging year for Lesley with his ongoing health issues and his frequent need to take his approved FMLA. As a result, it impacted his ability to contribute and support his team members to ensure that we have adequate staff coverage."

18. In or around February 2024, Gateway again attempted to issue Mitchell another disciplinary write-up for FMLA-approved absences. Mitchell again complained to Gateway management that the absences at issue were FMLA-approved. After Mitchell complained, Gateway removed the discipline but then proceeded to issue Mitchell an unwarranted, retaliatory and pretextual write-up for an entirely different issue.

19. In June 2024, Mitchell required four days of intermittent FMLA leave due to his FMLA-approved serious health condition. On June 6 and June 13, 2024, he experienced a flare-up and then underwent a medical procedure, all due to his serious health condition.

20. Mitchell experienced complications and/or after-effects from the medical procedure and another flare-up and required time off to recuperate on June 19 and June 24, 2024.

21. Each day that Mitchell took off in June 2024 was covered by his approved FMLA leave. For each such day, Mitchell properly followed Gateway's procedures for notifying Gateway and Prudential that he was using intermittent FMLA leave for his serious health condition.

22. On July 25, 2024, Gateway terminated Mitchell's employment. Gateway managers Gina Howard and Karen Harrold informed Mitchell of his termination and provided him with a

3

letter stating that the reason for his termination was that he had violated Gateway's attendance policy due to his absences on June 19, 2024 and June 24, 2024.

23. Mitchell explained to Managers Howard and Harrold that those June 19, 2024 and June 24, 2024 absences were covered by his FMLA leave. Managers Howard and Harrold disregarded Mitchell's explanation and told him the decision to terminate him was made by human resources employees at the Chicago headquarters.

24. Prior to terminating Mitchell, Gateway never asked Mitchell to provide a medical recertification of his need for FMLA leave.

25. Gateway's actions and omissions have directly and proximately caused Mitchell to suffer damages, including but not limited to, lost wages and benefits, and other damages.

## COUNT I – FMLA INTERFERENCE

26. Plaintiff restates and realleges by reference paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. At all times relevant to this lawsuit, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A), and employed 50 or more employees within 75 miles of Plaintiff's work locations.

28. At all times relevant to this lawsuit, Plaintiff was an "eligible employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(2), in that he was employed for at least twelve months by Defendant and had worked at least 1,250 hours for Defendant during the twelve-month period preceding his medical leave in 2022.

29. Plaintiff's medical condition constituted a "serious health condition" within the meaning of 29 U.S.C. § 2611(11).

30. As an eligible employee who required time off because of his serious health condition, Plaintiff was entitled to take leave pursuant to the FMLA.

4

31. Plaintiff provided enough information to put Defendant on notice that he needed FMLA leave.

32. Plaintiff's absences in June 2024 were covered by the FMLA.

33. Under the FMLA, "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a).

34. Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions. 29 U.S.C. § 2615(a).

35. Defendant wrongfully interfered with, restrained, and denied the exercise of Plaintiff's rights under the FMLA by failing to properly designate his FMLA leave and terminating his employment for absences from work which were protected by the FMLA and should have been designated as FMLA leave.

36. Defendant wrongfully interfered with, restrained, and denied the exercise of Plaintiff's rights under the FMLA by failing to request a recertification of Plaintiff's FMLA leave, as required by 29 C.F.R. 825.308(c)(2).

37. Defendant interfered with Plaintiff's rights and denied Plaintiff benefits to which he was entitled under the FMLA, in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

38. Defendant's actions violate the FMLA, 29 U.S.C. § 2601, *et seq*.

39. Defendant's actions were willful and in reckless disregard of the Plaintiff's rights under the FMLA.

40. Defendant's actions and omissions have directly and proximately caused Plaintiff to suffer damages and other harm, including but not limited to lost wages and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on his behalf and against Gateway for:

A. A declaration that Defendant's acts and omissions constitute a violation of the FMLA;
B. Lost wages and benefits due to Defendant's violations of the FMLA;
C. Front pay;
D. Liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);
E. Attorneys' fees and all costs and expenses of suit;
F. Pre- and post-judgment interest; and
G. Such other and further relief, including equitable damages, as the Court deems appropriate.

## COUNT II – FMLA RETALIATION

41. Plaintiff restates and re-alleges by reference paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. The FMLA makes it unlawful for any employer to discharge or in any other manner discriminate against an employee for taking part in proceedings or inquiries under the FMLA.

43. At all times relevant, Plaintiff was engaged in protected activity by requesting and/or utilizing FMLA leave for his medical condition.

44. Defendant terminated Plaintiff in retaliation for having exercised or having attempted to exercise his FMLA rights when he initially took medical leave and/or when he attempted to take intermittent FMLA leave, in violation of the FMLA.

45. Defendant's actions violate the FMLA, 29 U.S.C. § 2601, *et seq*.

46. Defendant's actions were willful and in reckless disregard of the Plaintiff's rights under the FMLA.

47. Defendant's actions and omissions have directly and proximately caused Plaintiff to suffer damages and other harm, including but not limited to lost wages and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on his

behalf and against Gateway for:

<ul style="list-style: none;">
</ul>

A. A declaration that Defendant's acts and omissions constitute a violation of the FMLA;
B. Lost wages and benefits due to Defendant's violation of the FMLA;
C. Front pay;
D. Liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);
E. Attorneys' fees and all costs and expenses of suit;
F. Pre- and Post-judgment interest; and
G. Such other and further relief, including equitable damages, as the Court deems appropriate.
H. Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: April 22, 2025                    Respectfully submitted:

/s/ *Martin Stainthorp*
One of Plaintiff's Attorneys

David Fish
Martin Stainthorp
WORKPLACE LAW PARTNERS P.C.
155 N. Michigan Avenue, Suite 719
Chicago, IL 60601
Ph.: (312) 861-1800
dfish@fishlawfirm.com
mstainthorp@fishlawfirm.com
docketing@fishlawfirm.com

7